Pearce *v.* Bogert.

STEPHEN A. PEARCE, Appellant, *against* HENRY L. BOGERT
*et al.*, Respondents.

(Decided December 5th, 1881.)

To authorize a justice of a district court in the City of New York to dismiss
a complaint on the ground that, one of the defendants being a non-
resident, the action should have been commenced by a short summons
instead of the ordinary summons, proof of the fact of such non-residence
is requisite; and if such proof is not given until after answering, the
objection is waived.

APPEAL from a judgment of the district court in the City
of New York for the Third Judicial District.

The facts are stated in the opinion.

*C. J. G. Hall*, for appellant.

*Henry L. Bogert*, for respondents.

J. F. DALY, J.—On the return day of the summons cer-
tain of the defendants appeared and objected to the jurisdic-
tion of the justice, on the ground that the action had been
commenced by long summons, and that this was improper
because three certain other defendants (who did not put in an
appearance) were not residents of the City of New York. No
affidavit of such non-residence was produced by the parties
making the objection, and the fact of non-residence did not
appear. The justice therefore properly overruled the objec-
tion. The objecting defendants thereupon filed answers in
which the objection of non-residence was not taken, and an
adjournment was had. On the adjourned day the objecting
defendants came into court with an affidavit that Mr. Kenyon
was a non-resident, and moved to dismiss on that ground.
The motion was granted. This was error. It was too late
after pleading to take the objection in question. It had not
been regularly taken before answer, because it was not then

based on any proof of the fact of non-residence, and defendants having pleaded, waived the defect. It was not a question of jurisdiction of the cause of action, which could have been raised at any time, but of irregularity in the form of summons, objections as to which are always waived by pleading before objecting. If a defendant wishes to avail himself of irregularities in the form of summons, he must object before pleading (*Andrews* v. *Thorp*, 1 E. D. Smith, 615), and must also make the fact of non-residence appear. To warrant the justice in dismissing a complaint on that objection, he must have proof, just as he would require in the first place to authorize him to issue a short summons to an alleged non-resident (*Sperry* v. *Major*, 1 E. D. Smith, 361).

The judgment should be reversed with costs.

VAN HOESEN, J., concurred.

Judgment reversed, with costs.